IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE W. CLARK, | ) |
| | )   Civil Action No. 08-762 |
| Petitioner, | ) |
| | )   District Judge Nora Barry Fischer |
| v. | ) |
| | ) |
| GERALD ROZUM, et al.,, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

On June 3, 2008, the above captioned case was initiated by the filing of a Motion to

Proceed *In Forma Pauperis* accompanied by a Petition for Writ of Habeas Corpus and was referred

to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the

Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for

Magistrate Judges.

The Magistrate Judge's Report and Recommendation filed on July 14, 2010 (ECF no.

33) recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of

appealability be denied. On July 15, 2010, Petitioner filed an amended document to his Petition

whereby he included an affidavit from the victim, Cathy Clark, dated May 27, 2005, wherein she

averred that she did not want to proceed with the charges against Petitioner, her boyfriend, and that

she was forced to testify at trial against her will (ECF no. 34-2). On August 9, 2010, Petitioner filed

Objections to the Report and Recommendation (ECF no. 35) claiming that the magistrate judge erred

when she concluded that Petitioner had procedurally defaulted his claim concerning the victim's recantation.

The facts surrounding this claim are as follows. At the end of Petitioner's PCRA Hearing, Petitioner's counsel informed the Court that the defendant had just given him the May 27, 2005 affidavit claiming that the victim was recanting her trial testimony and asked the Court to allow him to amend Petitioner's PCRA Petition to include this claim. Before ruling on this request, the Court allowed the defendant to call Ms. Archer to testify as to the alleged veracity of the affidavit. After being duly sworn, Ms. Archer denied having written and/or having signed the statement and denied ever telling anyone that she had lied during Petitioner's trial (ECF no. 17-6, pp. 23-30). Consequently, the PCRA Court denied Petitioner the opportunity to amend his PCRA Petition to include this claim.

For purposes of this Court's review, there exists a strong presumption against recantation testimony.

> Recantation testimony is properly viewed with great suspicion. It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction. For these reasons, a witness' recantation of trial testimony typically will justify a new trial only where the reviewing judge after analyzing the recantation is satisfied that it is true and that it will render probable a different verdict.

Dobbert v. Wainwright, 468 U.S. 1231, 1234 (1984) (dissenting opinion); Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir. 1996) ("[r]ecanting affidavits and witnesses are viewed with extreme suspicion by the courts.").

Petitioner asserts that he is entitled to federal habeas corpus relief because he was convicted on the basis of perjured testimony. Specifically, Petitioner contends that he is entitled to habeas corpus relief on the basis that his due process rights have been violated by the state's failure to cure a conviction that was secured through perjured testimony. *See, e.g.*, Sanders v. Sullivan, 863 F.2d 218, 222 (2d Cir. 1988) (holding that a due process violation would occur "when a credible recantation of the testimony in question would most likely change the outcome of the trial and a state leaves the conviction in place."). *Accord* Mastrian v. McManus, 554 F.2d 813, 822-23 (8th Cir.), *cert. denied*, 433 U.S. 913 (1977). Unfortunately for Petitioner, the witness, under oath during the PCRA hearing, denied ever writing the May 27, 2005 recantation affidavit. Thus, Petitioner has failed to demonstrate any violation of his due process rights such as to entitle him to habeas corpus relief.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this __11th__ day of August, 2010;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF no. 33) dated July 14, 2010, is **ADOPTED** as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Nora Barry Fischer
United States District Judge

cc:    Tyrone W. Clark, CA-8091
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510